UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Moore,<br>Petitioner,<br>v.<br>Mark Miller, Superintendent of Green Haven Correctional Facility,<br>Respondent. | 25 Civ. 4713 (DEH)<br>**OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Petitioner Robert Moore ("Petitioner" or "Mr. Moore") was convicted after jury trial of one count of persistent sexual abuse under New York Penal Law § 130.53 in New York County Supreme Court, and was sentenced as a persistent violent felony offender to a term of four years to life of incarceration in January 2020.[1] On appeal, the Appellate Division, First Department, vacated Petitioner's sentence, and Petitioner was resentenced by the New York County Supreme Court as a second violent felony offender to a term of four years of incarceration, to be followed by five years of post-release supervision.[2] On July 30, 2025 Petitioner was released to a secure treatment and rehabilitation center operated by the New York State Office of Mental Health, located at STARC Bridgeview in Ogdensburg, New York.[3] Mr. Moore now petitions, *pro se*, pursuant to 28 U.S.C. § 2254, for a writ of habeas corpus.[4] In his petition, Mr. Moore argues (1)

---

[1] *See* Resp't's Mem. Opp'n Pet. for Writ of Habeas Corpus ("Resp't's Mem.") at 1, ECF No. 13.

[2] *Id.* at 8 n.6; *see* Sept. 13, 2024 Re-sentencing Transcript ("Re-sentencing Tr. ") 17:18-22, ECF No. 14-4, 101-118.

[3] Resp't's Mem. at 1 n.1.

[4] *See* Petition for Writ of Habeas Corpus ("Pet."), ECF No. 1.

that the grand jury indictment was deficient because it failed to identify which of three qualifying misdemeanors supported the persistent sexual abuse charge, thereby denying him fair notice of the charge against him, and (2) that the Appellate Division denied him due process by departing from its own precedent in affirming his conviction, "contrary to the doctrine of stare decisis."[5] For the reasons that follow, Mr. Moore's Petition is **DENIED**.

**BACKGROUND[6]**

Mr. Moore was charged in a two-count indictment in New York County Supreme Court with two counts of persistent sexual abuse arising from an August 21, 2018 incident in which he grabbed a woman's buttocks as she boarded the Staten Island Ferry in Manhattan.[7] Count One alleged that Mr. Moore "intentionally, and for no legitimate purpose, forcibly touched the sexual and other intimate parts of a person known to the Grand Jury for the purpose of degrading and abusing such person, and for the purpose of gratifying the defendant's sexual desire."[8] Count Two alleged that he "subjected a person known to the Grand Jury to sexual contact, *to wit*, placing his hand on said person's buttocks, without her consent."[9] Under New York law, a person commits persistent sexual abuse when he or she (1) commits one of three qualifying misdemeanors—forcible touching, third-degree sexual abuse, or second-degree sexual abuse—and (2) has been convicted, within the previous ten years, on two or more occasions of one of those offenses or of a felony sex offense.[10] Before trial, in Mr. Moore's presence, the prosecutor confirmed on the

---

[5] *See* Pet. at 13-15, 17.

[6] In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[7] *See* Resp't's Resp. Pet., Ex. 1 ("Indictment"), ECF No. 12-1; *see* Resp't's Mem. at 5.

[8] *See* Indictment at 2.

[9] *Id.* at 3.

[10] N.Y. Penal Law § 130.53 (McKinney 2026).

record that the qualifying offense underlying Count One was forcible touching and that the offense underlying Count Two was third-degree sexual abuse.[11] On December 16, 2019, the jury convicted Mr. Moore on Count Two but could not reach a verdict on Count One, which the People dismissed at sentencing.[12] On January 7, 2020, the trial court adjudicated Mr. Moore a persistent violent felony offender and sentenced him to an indeterminate term of four years to life imprisonment, in a judgment subsequently amended on February 26, 2020.[13]

On direct appeal, Mr. Moore argued that Count Two was jurisdictionally defective because sexual contact and lack of consent are elements common to all three qualifying misdemeanors, and the count therefore failed to specify which one he was alleged to have committed. He contended the count suffered the same defect the First Department had identified in *People v. Lacy*,[14] which held that an indictment alleging "sexual contact . . . without [the victim's] consent" failed to specify the qualifying offense, because lack of consent is an element common to all three offenses, and in *People v. Hardware*,[15] which held similarly where the indictment alleged only "sexual contact," an element of all three offenses.[16] In his Appellate Division brief, Mr. Moore argued that this defect was not merely a violation of state common law but also a denial of "fair notice" of the

---

[11] *See* Resp't's Mem. at 4-5; Dec. 9, 2019 Trial Transcript ("Trial Tr."), 18:1-11, ECF No. 14.

[12] Trial Tr. at 4.; *see* Jan. 7, 2020 Sentencing Tr. ("Sentencing Tr."), 7:2-4, ECF No. 14-4, 86-100.

[13] *See* Resp't's Mem. at 4-5; Sentencing Tr., 7:2-4; Resp't Resp. Pet., Ex. 5, ("Appellate Division Decision") at 1, ECF No. 12-5; *People v. Moore*, 211 N.Y.S.3d 77, 77 (App. Div. 1st Dep't 2024).

[14] 187 N.Y.S.3d 41 (App. Div. 1st Dep't 2023).

[15] 154 N.Y.S.3d 767 (App. Div. 1st Dep't 2021).

[16] *See* Resp't Resp. Pet., Ex. 3 ("Def.'s Appellate Division's Brief") at 9-13, ECF No. 12-3.

accusation against him and of the assurance that he could not be prosecuted again for the same offense, in violation of his "statutory and constitutional rights."[17]

On June 13, 2024, the Appellate Division affirmed the conviction.[18] Relying on the New York Court of Appeals' decision in *People v. Saenger*,[19] the court held that the indictment specified the precise underlying misdemeanor—third-degree sexual abuse—by stating the statutory definition of that offense, and that although the other two qualifying misdemeanors also include unconsented sexual contact as an element, "each of those offenses has additional elements not mentioned in the indictment."[20] In a footnote, the court observed that *Saenger* "calls into question" its earlier decision in *Lacy*.[21] Because the People conceded that Mr. Moore had been improperly adjudicated a persistent violent felony offender, the court vacated his sentence and remanded for resentencing.[22] On September 13, 2024, Mr. Moore was resentenced as a second violent felony offender to a determinate term of four years' imprisonment followed by five years of post-release supervision.[23] The People appealed, and on February 17, 2026, the Appellate Division affirmed the judgment of resentence, concluding that the People's argument for reinstating Mr. Moore's adjudication as a persistent violent felony offender was unpreserved.[24]

---

[17] *Id.* at 9-12.

[18] *Moore*, 211 N.Y.S.3d 77.

[19] *People v. Saenger*, 39 N.Y.3d 433 (2023).

[20] *Moore*, 211 N.Y.S.3d at 77-78.

[21] *Id.* at 79 n.1.

[22] *See Moore*, 211 N.Y.S.3d at 79; Appellate Division Decision at 4.

[23] Resp't's Mem at 8 n.6; Re-sentencing Tr., 17:18-22.

[24] *People v. Moore*, 252 N.Y.S.3d 24, 26 (App. Div. 1st Dep't 2026).

The New York Court of Appeals denied Mr. Moore leave to appeal on September 23, 2024, and the U.S. Supreme Court denied his pro se petition for a writ of certiorari on February 24, 2025.[25]

Mr. Moore filed this Petition (which is dated March 31, 2025) on June 2, 2025.[26] On July 30, 2025, Mr. Moore was released from prison to a state treatment facility.[27] Because he was incarcerated when he filed the Petition and at present still faces collateral consequences from his conviction, the "in custody" requirement of § 2254 is satisfied, and the Petition is not moot.[28]

## LEGAL STANDARDS

### I. Cognizability of Federal Claims

Under 28 U.S.C. § 2254(a), a federal district court may entertain a habeas corpus application on behalf of a person in custody pursuant to the judgment of a state court "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."[29] Claims grounded solely in state law are not cognizable on federal habeas review.[30]

---

[25] *People v. Moore*, 244 N.E.3d 1083 (N.Y. 2024); *Moore v. N.Y.*, 145 S. Ct. 1203 (2025); Resp't's Mem. at 8.

[26] *See* Pet.

[27] *See* Resp't's Mem. at 1 n.1.

[28] *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (interpreting the statutory language as requiring the habeas petitioner to be "in custody" under the conviction or sentence under attack at the time his petition); *Nowakowski v. N.Y.*, 835 F.3d 210, 225 (2d Cir. 2016) (petitioner's release from prison does not moot habeas petition because petitioner faces collateral consequences from the conviction, such as potential for impeachment in a future criminal proceeding).

[29] 28 U.S.C. § 2254(a).

[30] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("federal habeas corpus relief does not lie for errors of state law"); *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) ("[I]t is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts").

## II. Standard of Review Under 28 U.S.C. § 2254(d)

A § 2254 habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”), which limits the circumstances under which a federal court may grant habeas relief on a claim that a state court has adjudicated on the merits.[31] Under 28 U.S.C. § 2254(d), a federal court may not grant relief on such a claim unless the state court’s adjudication (1) “resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,” or (2) “resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.”[32] “Clearly established Federal law” for these purposes means the holdings, as opposed to the dicta, of the Court’s decisions as of the time of the relevant state-court decision.[33] The focus of the “unreasonable application” inquiry “is not whether a federal court believes the state court’s determination was incorrect but whether that determination was unreasonable—a substantially higher threshold.”[34] Ultimately, “[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as ‘fairminded jurists could disagree’ on the correctness of the state court’s decision.”[35] “AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit JAthe doubt.”[36] Where the Court’s holdings give no clear answer to the question presented, a state court’s decision cannot be contrary to, or an unreasonable application of, clearly

---

[31] *See* 28 U.S.C. § 2254(d).

[32] *Id.*

[33] *See Williams v. Taylor*, 529 U.S. 362, 412 (2000).

[34] *See Schriro v. Landrigan,* 550 U.S. 465, 473 (2007).

[35] *See Harrington v. Richter*, 562 U.S. 86, 101 (2011).

[36] *See Renico v. Lett*, 559 U.S. 766, 773 (2010).

established federal law.[37] And, where the Court's governing rule is a general one, the state court enjoys correspondingly greater latitude in applying it.[38]

If faced with an unexplained denial of leave to appeal or writ of certiorari, the reviewing Court "looks through" these to the last reasoned state court decision—and, to the extent that decision adjudicated claims on the merits, reviews it under the standards of 28 U.S.C. § 2254(d).[39]

## III. Exhaustion and Fair Presentation

"[B]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."[40] To satisfy the exhaustion requirement, a petitioner must have first "fairly presented" the federal constitutional claim to the state courts;[41] and second, the petitioner must have pursued all available avenues of the state appellate process, including seeking leave to appeal to the New York Court of Appeals in a manner that apprises that court of the federal

---

[37] *See, e.g.*, *Carey v. Musladin*, 549 U.S. 70, 77 (2006) ("Given the lack of holdings from this Court regarding the potentially prejudicial effect of spectators' courtroom conduct of the kind involved here, it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law'"); *see alsoWright v. Van Patten*, 552 U.S. 120, 125-26 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [the Petitioner's] favor, it cannot be said that the state court 'unreasonably applied clearly established Federal law'") (cleaned up).

[38] *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004) ("The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations"); *White v. Woodall*, 572 U.S. 415, 424 (2014) ("where the 'precise contours' of the right remain 'unclear,' state courts enjoy 'broad discretion' in their adjudication of a prisoner's claims").

[39] *See Wilson v. Sellers*, 584 U.S. 122, 123 (2018); *Ylst v. Nunnemaker*, 501 U.S. 797, 803-06 (1991).

[40] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A).

[41] *See Baldwin*, 541 U.S. at 29-30; *Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 191-92 (App. Div. 2d Cir. 1982) (en banc).

nature of the claim.[42] Fair presentation requires more than reciting the facts underlying a claim; the petitioner must also alert the state courts to the claim's federal legal basis, such that the state courts had a fair opportunity to pass on the federal question.[43] The defendant need not cite "book and verse on the federal constitution," but must in some way "[alert the state court] to the constitutional nature of the claim," such as by relying on federal constitutional precedents, asserting the claim "in terms so particular as to call to mind a specific right protected by the Constitution," or alleging a pattern of facts "well within the mainstream of constitutional litigation."[44]

## IV. Procedural Default

A claim may be deemed exhausted, but procedurally defaulted, where the petitioner failed to present it to the state court as a federal claim and state procedural rules would now bar them from doing so.[45] As relevant here, Section 440.10(2)(c) of the New York Criminal Procedure Law precludes a state court from granting post-conviction relief on a record-based claim that could have been raised on direct appeal but was not.[46] The Second Circuit has recognized that provision as

---

[42] *See Baldwin*, 541 U.S. at 29 ("To provide the State with the necessary 'opportunity,' Prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim); *O'Sullivan v. Boerckel*, 526 U.S. 838, 838 (1999) ("habeas petitioner 'shall not be deemed to have exhausted [state court] remedies ... if he has the right under [state] law ... to raise, by any available procedure, the question presented'").

[43] *See Daye*, 696 F.2d at 191.

[44] *Id.* at 192-94.

[45] *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

[46] N.Y. Crim. Proc. Law § 440.10(2)(c) (McKinney 2022); *see Clark v. Perez*, 510 F.3d 382, 390-93 (2d Cir. 2008).

an adequate state procedural bar.[47] A petitioner can overcome procedural default only by demonstrating cause for the default and actual prejudice resulting from it, or by showing that failure to review the claim would result in a fundamental miscarriage of justice[48]—such as by making a credible showing of actual innocence.[49]

## V. Pro Se Submissions

Because Mr. Moore proceeds *pro se*, the Court examines his submissions with "special solicitude," construing them "liberally" and interpreting them "to raise the strongest arguments that they suggest."[50] That solicitude has limits, however. *Pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law,"[51] including the exhaustion requirement and state procedural bars, and the Court may not "invent factual allegations" that the petitioner has not pleaded or manufacture claims on his behalf.[52]

## DISCUSSION

The Petition raises two grounds for relief. Both fail for the following reasons. First, the Appellate Division's rejection of Mr. Moore's fair-notice claim was neither contrary to, nor an unreasonable application of, clearly established federal law. Second, Mr. Moore's stare decisis

---

[47] *See Clark*, 510 F.3d at 393 (holding petitioner's failure to appeal her convictions constituted an adequate and independent state procedural bar to post-conviction relief under N.Y. Crim. Proc. Law § 440.10(2)(c)).

[48] *See Coleman*, 501 U.S. at 750; *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022).

[49] *See Schlup v. Delo*, 513 U.S. 298, 321 (1995) ("in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default").

[50] *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).

[51] *Id.* at 477 (internal quotation marks omitted).

[52] *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

claim is procedurally defaulted and also fails on the merits. The Court addresses each point in turn.

**I. Notice of the Charge**

Mr. Moore argues that the indictment deprived him of notice of the charge against him because, in charging him with persistent sexual abuse, it did not specify which of the three qualifying misdemeanors under Penal Law § 130.53 he was alleged to have committed.[53] Reading the Petition with the "special solicitude" owed to pro se parties and interpreting it "to raise the strongest arguments [it suggests],"[54] he appears to make this argument in two forms. First, he argues that Count Two was not "jurisdictionally" sufficient as a matter of New York law, because it did not "specify precisely which of the three possible qualifying offenses petitioner was alleged to have committed . . . ."[55] But this argument fails because a state court's application of a state's own indictment and pleading rules is matter of state law, which a federal court may not review.[56]

Second, he frames the defect as a violation of the Fifth Amendment's guarantee of prosecution by grand jury indictment.[57] But the Supreme Court has held that the Fifth Amendment right to a grand jury does not apply to the states.[58] Because a state is free to prosecute a felony

---

[53] *See* Pet. at 13-17.

[54] *See Triestman*, 470 F. 3d, 474-75.

[55] *See* Pet. at 16-19 (emphasis in original).

[56] *See* 28 U.S.C. § 2254(a) (permitting federal habeas relief to a state prisoner only on the ground that the custody violates federal law); *DeVonish v. Keane*, 19 F.3d 107, 108 (2d Cir. 1994) (treating the sufficiency of a state indictment as cognizable on habeas only insofar as the charging instrument falls below the due-process minimum of fair notice and protection against double jeopardy).

[57] *See* Pet. at 13-17 (invoking the Fifth Amendment).

[58] *See Hurtado v. Cal.*, 110 U.S. 516 (1884) (Due Process Clause does not require a State to prosecute a felony by grand jury indictment); *LanFranco v. Murray*, 313 F.3d 112, 118 (2d Cir. 2002) (recognizing no federal constitutional right to a grand jury proceeding in a state prosecution).

without a grand jury at all, any claimed irregularity in a state's grand jury process is generally a question of state law that, standing alone, presents no federal constitutional question cognizable on habeas review.[59]

All that being said, although Petitioner does not raise this point clearly, there is also a distinct federal right to be informed of the nature and cause of a criminal accusation, which the Sixth Amendment secures against the States through the Fourteenth Amendment, and which *is* cognizable on federal habeas review.[60] In light of the solicitude extended to pro se pleadings, the Court construes the Petition as raising this federal claim for relief, which the Court turns to next.[61]

The Supreme Court has held that a defendant in a state prosecution is entitled as a matter of due process to notice of the specific charge against him.[62] This right is a general one; while the

---

[59] *See Estelle*, 502 U.S. at 67-68 (1991) (reaffirming that federal habeas review does not extend to a state court's resolution of state-law questions); *Lopez v. Riley*, 865 F.2d 30, 32-33 (2d Cir. 1989) (holding claimed defects in a state grand jury proceeding non-cognizable on federal habeas review); *see also Robinson v. LaClair*, No. 9 Civ. 3501, 2011 WL 115490, at *8 (E.D.N.Y. Jan. 13, 2011) (explaining that because state law prescribes how state grand jury proceedings are conducted, a claimed irregularity is a matter of state law for which habeas relief is unavailable).

[60] *See* Pet. at 13-17 (invoking the Sixth Amendment); *Cole v. Ark.,* 333 U.S. 196, 201 (1948) ("No principle of procedural due process is more clearly established than that notice of the specific charge… [is] among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal"); *accord In re Oliver,* 333 U.S. 257, 273 (1948).

[61] *See Triestman*, 470 F.3d, 474-75 (construing pro se submissions "liberally" and interpreting them "to raise the strongest arguments that they suggest"). Although the Appellate Division resolved Mr. Moore's challenge on state-law grounds without expressly discussing this federal notice theory, that theory is presumed to have been adjudicated on the merits and is therefore reviewed under § 2254(d). *See Johnson v. Williams*, 568 U.S. 289, 298-301 (2013) (where a state court rejects some of a defendant's claims but does not expressly address a federal claim, that claim is presumed to have been adjudicated on the merits). The presumption is unrebutted here: Respondent litigated the notice claim on the merits under § 2254(d) and did not assert that it was unexhausted. *Cf.* Resp't's Mem. at 17-18 (asserting non-exhaustion only as to Ground Two).

[62] *Cole*, 333 U.S. at 201; *see also In re Oliver*, 333 U.S. at 273.

Court has described what makes a charging instrument sufficient in federal court,[63] it has not held that these particular requirements bind the States, and it has not addressed whether an indictment charging a compound offense must identify the predicate offense by statutory section rather than by reciting its statutory definition. In *DeVonish v. Keane*, 19 F.3d 107, 108 (2d Cir. 1994), the Second Circuit described the degree of notice that a valid state indictment must give—namely, enough precision to inform the defendant of the charge he must meet, and enough detail to permit him to plead double jeopardy in a later prosecution.

Here, the Appellate Division concluded that Count Two supplied sufficient notice to the Petitioner because, although it did not "identify the underlying misdemeanor offense by section or by the title in the caption of the section," it "use[d] charging language that tracks the statutory definition of the underlying misdemeanor offense" that he was alleged to have committed—namely, sexual abuse in the third degree, which is defined as "subject[ing] another person to sexual contact without the latter's consent."[64] The Court cannot say that this ruling was either contrary to or an unreasonable application of clearly established federal law, because there is no clear federal authority to the contrary.[65] Accordingly, the Court rejects Mr. Moore's argument that the Petition should be granted based on insufficient notice of the charge against him.

---

[64] *See Moore*, 211 N.Y.S.3d3at 492-93 ("the indictment complied with the requirement to provide defendant with 'notice of which of the qualifying misdemeanor offenses [referred to in the persistent sexual abuse statute] he was alleged to have committed'").

[65] *See Carey*, 549 U.S. at 77; *Wright*, 552 U.S. at 125-26.

## II. Stare Decisis

### A. Failure to Exhaust

Mr. Moore also argues that the Appellate Division denied him due process by departing from its decisions in *Hardware* and *Lacy* without overruling them.[66] The Government responds that this claim is unexhausted and therefore procedurally barred.[67] The Court agrees.

A petitioner exhausts a federal claim only by fairly presenting it, as a federal claim, at each level of the state appellate process.[68] Mr. Moore's supplemental leave letter to the Court of Appeals framed the issue exclusively in state-law terms. It argued that the First Department had disregarded its own precedent in reliance on a single sentence of dicta from *Saenger*, that its decision in his case cannot be reconciled with its previous decision *Lacy*, and that the resulting intradepartmental split warranted review.[69] The letter cited no provision of the federal Constitution, relied on no federal precedent, and did not describe the claim in terms that would invoke a particular federal right.[70] The claim was therefore not fairly presented to the state courts.

---

[66] *See* Pet. at 17-20.

[67] *See* Resp't's Mem. at 17-18.

[68] *See Baldwin*, 541 U.S. at 29 ("Prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim"); *O'Sullivan v. Boerckel*, 526 U.S. 838, 838 (1999) (" habeas petitioner 'shall not be deemed to have exhausted [state court] remedies ... if he has the right under [state] law ... to raise, by any available procedure, the question presented'"); *Daye*, 696 F.2d at 192 ("in state court the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature").

[69] *See* Resp't's Resp. Pet., Ex. 6 ("Supplemental Leave Letter") at 1-2, ECF No. 12-6.

[70] Indeed, the underlying grievance—that a state intermediate appellate court did not follow its own prior decisions—is not, at is essence, a federal constitutional claim; it is a complaint about state law. *See, e.g.*, *United States ex rel. Parish v. Hodge*, 73 F. Supp. 3d 895, 905 (N.D. Ill. 2014) (pro se petitioner's claim that state appellate court's decision "ignored Illinois precedent" implicated only state law*); Senat v. Fla. Dep't of Corr*., No. 6 Civ. 641-FtM-29DNF, 2009 WL 3669171, at *37 (M.D. Fla. 2009) (pro se petitioner's equal protection claim based on state court

Mr. Moore has already taken his direct appeal, and Section 440.10(2)(c) would bar a state court from entertaining this record-based claim in a post-judgment motion.[71] He has no remaining avenue to present the claim in state court. It is therefore deemed exhausted but procedurally barred.[72] Mr. Moore offers no valid excuse for failing to raise this claim, and none is apparent from the record.[73]

**B. Merits**

Even if this claim were properly before the Court, it would not warrant relief. Whether a state appellate court should adhere to or depart from its own precedent is a question of state law, and is not ordinarily reviewable on federal habeas.[74] The Supreme Court has never held that the Due Process Clause obliges a state intermediate appellate court to follow its own prior decisions, so there is no clearly established federal law that the Appellate Division could have unreasonably applied.[75] At most, federal review would be available if the state court's application of its own law were so arbitrary or capricious as to work an independent due process violation.[76] That

---

"ignor[ing] the doctrine of stare decisis" was only "cloaked" as federal claim and raised only a matter of state law).

[71] N.Y. Crim. Proc. Law § 440.10(2)(c); *see Clark*, 510 F.3d at 390-.

[72] *See Coleman*, 501 U.S. at 735 n.1.

[73] Mr. Moore asserts actual innocence in his reply brief, which if credible can override a procedural default. *See Coleman*, 501 U.S. at 750; *Schlup*, 513 U.S. at 321. However, the actual-innocence gateway requires new reliable evidence that the petitioner did not commit the conduct of conviction, and Mr. Moore offers none. *See Schlup*, 513 U.S. at 329. His submissions instead press a legal challenge to the indictment. To the extent the reply raises that challenge as a freestanding claim, the Court does not reach it because it is raised for the first time in a reply and thus is neither exhausted nor properly before the Court.

[74] *See Estelle*, 502 U.S. at 67-68; *Corcoran*, 562 U.S. at 5.

[75] *See Van Patten*, 552 U.S. at 125-26 ("Because our cases give no clear answer to the question presented, let alone one in [the Petitioner's] favor, it cannot be said that the state court 'unreasonably applied clearly established Federal law'").

[76] *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

standard is not met here. The Appellate Division did not overlook *Lacy*; it followed *Saenger*, an intervening decision of a higher court, the New York Court of Appeals, expressly acknowledging that *Saenger* called *Lacy* into question.[77] A court that identifies a superseding decision of a higher court and follows it has not acted arbitrarily.

Accordingly, the Court rejects Mr. Moore's argument that the Petition should be granted based on the Appellate Division's failure to adhere to precedent.

**III. Requests for Counsel, Discovery, and an Evidentiary Hearing**

Mr. Moore also asks for appointment of counsel, discovery, and an evidentiary hearing. Because the Court resolves his claims under § 2254(d) and on procedural grounds, its review is confined to the record that was before the state courts, and no evidentiary development could aid the analysis.[78] Both claims are legal, and the state-court record is complete. For the same reasons, and because the claims do not appear likely to be of substance, appointment of counsel is not warranted.[79] These requests are denied.

**CONCLUSION**

For the foregoing reasons, the Petition is **DENIED**. Because Mr. Moore has not made a substantial showing of the denial of a constitutional right, and because reasonable jurists would

---

[77] *Moore*, 211 N.Y.S.3d at 78-79 n.1 (observing that *Saenger* "calls into question" *Lacy*).

[78] *See Cullen v. Pinholster*, 563 U.S. 170, 179 (2011) (review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits); 28 U.S.C. § 2254(e)(2).

[79] *See Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (in deciding whether to appoint counsel, district judge should first make threshold determination about whether the indigent petitioner's position seems likely to be of substance).

not find the Court's procedural rulings debatable, the Court declines to issue a certificate of appealability.[80] The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: October 23, 2026

New York, New York

DALE E. HO
United States District Judge

!

[80] 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability does not issue when petitioner failed to make a substantial showing of the denial of a constitutional right).